UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Roger Francis, *et al.*, | ) | CASE NO. 5:20 CV 1776 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Ben Carson, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**I. Background**

*Pro se* plaintiffs Roger and Marta Francis, who now appear to reside in Calabasas, California, have filed an *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against multiple federal, state, and local officials. (Doc. No. 1.) The plaintiffs sue the current and former Secretaries of the United States Department of Housing and Urban Development ("HUD"); the General Counsel and Director of the Ohio Department of Health; the Assistant Secretary and Region V Director of HUD's Office of Fair Housing and Equal Opportunity; and the former Director, Chairman, General Counsel, and Manager of the Akron Metropolitan Housing Authority.

The complaint does not set forth clear allegations or legal claims against any of the defendants. The plaintiffs generally allege that, from mid-2012 until they filed this complaint in 2020, they and others have been harmed by "toxic exposures" relating to unsafe water at a HUD/AMHA Senior apartment complex in Barberton, Ohio. (*Id*. at 4-5, ¶¶ III, IV.) They assert "Ongoing Civil/Criminal Actions/Failures to Act Environmental /Disability/ Political/ Race/ Color/

Age/ National Origin, Religious & Fair Housing Title VIII Discrimination/Retaliation Resulting in Personal Injury Consequential to Fraud & Malfeasance" and seek damages and various injunctive relief. (*Id*. at 4, ¶III(C); 5, ¶V.)

## II. Standard of Review

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)). Although detailed factual allegations are not required, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

## III. Discussion

Upon review, the Court finds that the plaintiffs' complaint must be dismissed pursuant to

§ 1915(e)(2)(B). Even liberally construed, it does not contain allegations sufficient to state any plausible federal claim against any defendant. The vague, conclusory, and largely incoherent allegations and statements set forth in the plaintiffs' pleading are insufficient to raise a right to relief against any defendant on any federal claim above the speculative level. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Further, where as here defendants are named in the caption of a complaint without factual allegations in the body of the complaint sufficient to suggest the personal involvement of each defendant in the rights violation alleged, the complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

In addition, the plaintiffs' complaint fails to allege any plausible claim for relief against any individual federal employee or official under *Bivens*. In *Bivens*, the Supreme Court found that the Fourth Amendment constituted a waiver of sovereign immunity in actions against federal officers sued in their individual capacities. But since *Bivens* was decided, the Supreme Court has recognized *Bivens* claims against individual federal employees in only two other contexts: (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) in a failure to provide medical treatment Eighth Amendment case, *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has now made it clear that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017) (reasoning that Congress provided a specific damages remedy for plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983, but did not provide a corresponding remedy for

constitutional violations by federal officials). Here, the plaintiffs have not alleged claims falling within the specific contexts that have been recognized for *Bivens* suits, and there is no basis to imply a cause of action against any of the individual federal defendants under *Bivens*.

## Conclusion

Accordingly, the plaintiffs' motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and for the reasons stated above, their complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiffs' motion for appointment of counsel (Doc. No. 3) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 s/John R. Adams 11-25-20
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE